UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CASE NO. 20-cr-10223-GAO |
| NATHAN LAPARL, TALIA ALEXANDRE, and STEFANIE HIRCH | ) ) ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**NATHAN LAPARL'S MOTION FOR A DOWNWARD VARIANCE**

Defendant Nathan LaParl ("Mr. LaParl") respectfully moves this Court for a downward variance under 18 U.S.C. § 3553, and urges the Court to impose a non-prison sentence.

There are substantial grounds that support a variance from the applicable guideline range based on Mr. LaParl's lack of business experience and naiveté at the time he entered into a scheme initiated by others that he only later appreciated was unlawful, as well as his prompt acceptance of responsibility, sincere remorse and unlikelihood of reoffending. Mr. LaParl respectfully submits that the factors set forth in his Sentencing Memorandum and the instant Memorandum of Law support the proposed disposition as sufficient and all that is necessary to fulfill the needs of sentencing in this case.

**BACKGROUND**

Mr. LaParl hereby incorporates by reference the background information set forth in his Sentencing Memorandum dated February 14, 2022. Mr. LaParl also requests the Court to consider the character letters attached to that filing as Exhibit A.

## LAW AND ARGUMENT

District courts retain the independence and discretion to act wisely and to do justice – not to be restricted by a mathematical formula that fails to account for the person and circumstances before the Court. *See United States v. Booker*, 543 U.S. 220, 261 (2005). As long as the record demonstrates that the court considers the § 3553(a) factors and renders a sentence with a rationale that is supported by the record, the trial court's sentence should stand. In sum, district courts must consult and take into account the Sentencing Guidelines, but they are "not bound to apply" them, and "[t]he courts of appeals [will] review sentencing decisions for unreasonableness" only. *Id.* at 245. It is under this standard that Mr. LaParl urges the Court to consider the totality of the circumstances surrounding his history and characteristics.[1]

### A. Mr. LaParl Should Be Granted a Variance Based on the Subordinate Role He Played

Mr. LaParl played a subordinate role in the Medicare Fraud Scheme that centered around Mr. Perez's submission of false and fraudulent Medicare claims. Mr. LaParl did not fraudulently submit any claims to Medicare. He engaged in collecting patient leads that he then sold to DME companies with the understanding that the companies would then verify the leads before submitting them to insurance companies. Nevertheless, Mr. LaParl recognizes that his role in this offense was unlawful, and he accepts full responsibility for his conduct.

Mr. LaParl naively entered a highly regulated industry without understanding the implications of the laws and regulations on his actions. He imprudently joined a pre-existing

---

[1] 18 U.S.C. § 3662 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court … may receive and consider for the purpose of imposing an appropriate sentence." With the advisory nature of the Guidelines, this Court is free under 28 U.S.C. § 994(d) to consider a defendant's (a) age, (b) education and vocational skills, (c) mental and emotional condition, (d) physical condition, (e) employment record, (f) family ties and responsibilities, (g) socioeconomic status, (h) civic contributions, and (i) reputation in the community, and weigh these factors in imposing a sentence.

criminal scheme orchestrated by Mr. Perez without initially realizing it violated the law. While he eventually realized that it was wrong, he ultimately withdrew from the business on his own and has cooperated fully with the Government from the moment he was contacted.

These facts collectively provide a basis for a downward variance of Mr. LaParl's sentencing guideline range and the imposition of a sentence of probation. *See United States v. Redemann*, 295 F. Supp. 2d 887, 899–900 (E.D. Wis. 2003) (downward departure warranted where loss amount "substantially overstated the seriousness" of defendant's offense, where defendant did not come up with the scheme and was recruited to participate in only one aspect of it, did not control the scheme and resulting loss amount, and where "defendant's gain was minuscule compared to the total amount taken."); *United States v. Chetiwal*, 320 F. Supp. 3d 1007, 1012 (E.D. Wis. 2018) (downward departure warranted in light of defendant's "particular conduct, level of culpability, and motive" where defendant with no prior record "did not devise the scheme or make the fraudulent representations to the victims, and his share of the proceeds was small"); *United States v. McGee*, 802 F. Supp. 843, 844 (E.D.N.Y. 1992) (substantial downward departure warranted where defendant's contrition was "exceptional" and she did "everything she could to accept responsibility for her crime and to cooperate with the government"); *United States v. Stewart*, 154 F. Supp. 2d 1336, 1343 (E.D. Tenn. 2001) (departure warranted on basis that defendant's "extraordinary acceptance of responsibility was a factor present to an exceptional degree, making [it] an atypical case."); *United States v. Fathalla*, No. 07-CR-87, 2008 WL 4501057, at *4 (E.D. Wis. Sept. 29, 2008) (downward departure to a non-custodial sentence warranted where defendant had no prior record—statistically indicating a low risk of recidivism—and it appeared to the Court that defendant "did all she could to make amends, including cooperating with the government").

Mr. LaParl has never been charged with another offense. Outside of this case, he has always been a law-abiding, productive member of the community. He is a man committed to his family and friends. The absence of any criminal record, his deep commitment to his family, and his full acceptance of responsibility demonstrate that his criminal conduct will not be repeated. Accordingly, Mr. LaParl moves the Court to consider these factors in granting a variance from the otherwise applicable guideline range and to impose a sentence of probation.

## CONCLUSION

The Court has the discretion to fashion an appropriate sentence that is "sufficient, but not greater than necessary" to achieve the goals of sentencing.

WHEREFORE, based on the forgoing arguments and authorities, this Honorable Court is respectfully urged to grant a variance and to impose a non-prison sentence of probation.

Dated: February 14, 2022

        Respectfully submitted,

        NATHAN LAPARL

        By his attorneys,

        /s/ Michael J. Connolly
        Michael J. Connolly
        Julianna Malogolowkin
        Hinckley Allen & Snyder LLP
        28 State Street
        Boston, MA 02109
        (617) 345-9000 (phone)
        (617) 345-9020 (fax)
        mconnolly@hinckleyallen.com
        jmalogolowkin@hinckleyallen.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 14, 2022, a copy of the foregoing Memorandum of Law in Support of Motion for a Downward Variance was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

      /s/ Michael J. Connolly
Michael J. Connolly
Hinckley Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000 (phone)
(617) 345-9020 (fax)
mconnolly@haslaw.com